NICOLA T. HANNA
United States Attorney
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:    sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL JOHN ANDERSEN,<br>  aka "TattdPigPS,"<br><br>    Defendant. | No. ED CR 20-143-SVW<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**<br>October 13, 2020<br><br>**PROPOSED TRIAL DATE:**<br>March 16, 2021 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, and defendant Michael John Andersen ("defendant"), both individually and by through his counsel of record, Deputy Federal Public Defender Marta VanLandingham, hereby stipulate as follows:

    1.    The Indictment in this case was filed on August 5, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 17, 2020.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 26, 2020.

    2.    On August 17, 2020, the Court set a trial date of October 13, 2020.

    3.    Defendant is released on bond pending trial. The parties estimate that trial in this matter will last approximately two to three days.

    4.    By this stipulation, defendant moves to continue the trial date to March 16, 2021, at 9:00 a.m. This is the first request for a continuance.

    5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.    Defendant is charged with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The government has produced discovery to the defense, including about 288 pages of reports and other documents.

        b.    Counsel for defendant has served in the Federal Public Defender's capital habeas unit for over ten years, and is only this summer starting to take on cases that fall within the purview of the trial unit. She has a full caseload of capital habeas cases, with nine clients on California's death row and one on Arizona's, all in varying stages of their proceedings. Between now and the proposed trial date of March 16, 2021, defense counsel's capital habeas work will include briefing on the merits of the claims in two petitions, an opening brief on an appeal in the Ninth Circuit, and preparation

for a likely hearing in state court on a claim under Atkins v. Virginia, 563 U.S. 304 (2002).  In addition, her new trial work will include a sentencing hearing in November 2020, the filing of one or more motions for compassionate release, and preparation for at least one other scheduled trial in an aggravated identity theft case, United States v. Jose Juan Carlos Serrano, Case No. ED CR 20-55-FMO.  Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

      c.  Counsel for defendant also represents that additional time is necessary to confer with defendant, continue an independent investigation of the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.  Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.  In addition, defendant has been diagnosed with cancer and will be undergoing chemotherapy and other possible treatments during the coming months.  This intensive treatment is necessary to safeguard his life and health.  It will also limit the time he will have to work with counsel in preparing his defense.  He believes that failure to grant the continuance will deny him access to and continuity of counsel and adequate representation.

      f.  The government does not object to the continuance.

      g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 13, 2020, to March 16, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///

///

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 27, 2020                    Respectfully submitted,

                                          NICOLA T. HANNA
                                          United States Attorney

                                          JOSEPH B. WIDMAN
                                          Assistant United States Attorney
                                          Chief, Riverside Branch Office

                                          __/s/_____
                                          SONAH LEE
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

I am Michael John Andersen's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed our client of his Speedy Trial rights. To our knowledge, our client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 16, 2021, is an informed and voluntary one.

/s/ via email authorization              August 27, 2020
MARTA VANLANDINGHAM                       Date
Deputy Federal Public Defender
Attorney for Defendant
MICHAEL JOHN ANDERSEN

5