```
TRACY L. WILKISON
Acting United States Attorney
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6924
     Facsimile: (951) 276-6202
     E-mail:    sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 20-143-SVW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL JOHN ANDERSEN, aka "TattdPigPS," | |
| Defendant. | **CURRENT TRIAL DATE:** March 16, 2021 |
| | **PROPOSED TRIAL DATE:** August 24, 2021 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, and defendant Michael John Andersen ("defendant"), both individually and by through his counsel of record, Deputy Federal Public Defender Marta VanLandingham, stipulate as follows:

    1.   The Indictment in this case was filed on August 5, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 17, 2020.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 26, 2020.

2. On August 17, 2020, the Court set a trial date of October 13, 2020.

3. Defendant is released on bond pending trial. The parties estimate that trial in this matter will last approximately two to three days.

4. The Court has previously continued the trial date from October 13, 2020, to March 16, 2021, and found the interim period to be excluded in computing the time within with the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to August 24, 2021, at 9:00 a.m. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1); and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). The government has produced discovery to the defense, including about 289 pages of reports and other documents and several audio files.

   b. Deputy Federal Public Defender Marta VanLandingham, counsel for defendant, has a number of outstanding obligations in both trial and capital habeas cases. Defense counsel is a member of the Capital Habeas Unit and the majority of her upcoming obligations revolve around her heavy capital habeas case load. Within the next

few months, for example, she will be filing a reply in merits briefing that covers 47 claims, as well as two opening briefs in Ninth Circuit appeals in capital cases. She is also counsel in a case involving a charge of murder at sea endangering a container ship where the defendant and victim are Filipino nationals; preparation for trial will be complicated by jurisdictional and mental health issues and involve travel to conduct mitigation investigation. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

     c.   Counsel for defendant also represents that additional time is necessary to confer with defendant, continue an independent investigation of the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

     e.   In addition, defendant has been diagnosed with a rare and life-threatening form of cancer. He is in the midst of receiving a course of intensive chemotherapy, which is necessary to safeguard defendant's life and health and is expected to last at least until the end of May 2021. Due to defendant's fragile health and suppressed immune system in the midst of the COVID-19 public health emergency, defense counsel has been unable to confer with defendant in person. Furthermore, defense counsel's ability to communicate

with defendant by phone or other means has been impeded by the toll defendant's medical treatment has taken on his physical state. Defendant believes that failure to grant the continuance will deny him access to and continuity of counsel and adequate representation.

  f. The government does not object to the continuance.

  g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

 7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 16, 2021 to August 24, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

 8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: February 24, 2021         Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 JERRY C. YANG
                                 Assistant United States Attorney
                                 Chief, Riverside Branch Office

                                  */s/ Sonah Lee*
                                 SONAH LEE
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

   I am Michael John Andersen's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed our client of his Speedy Trial rights.  To our knowledge, our client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 24, 2021, is an informed and voluntary one.

*/s/ via email authorization*              *February 24, 2021*
MARTA VANLANDINGHAM                         Date
Deputy Federal Public Defender
Attorney for Defendant
MICHAEL JOHN ANDERSEN