TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6924
     Facsimile: (951) 276-6202
     E-mail:  sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 20-143-SVW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL JOHN ANDERSEN, aka "TattdPigPS," | |
| Defendant. | **CURRENT TRIAL DATE:** 5/24/2022<br>**PROPOSED TRIAL DATE:** 6/28/2022 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sonah Lee, and defendant MICHAEL JOHN ANDERSEN ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Marta VanLandingham, hereby stipulate as follows:

    1.    The Indictment in this case was filed on August 5, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 17, 2020.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 26, 2020.

2.  On August 17, 2020, the Court set a trial date of October 13, 2020.

3.  Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately one week.

4.  The Court has previously continued the trial date from October 13, 2020, to May 24, 2022, and found the interim period to be excluded in computing the time within with the trial must commence, pursuant to the Speedy Trial Act.

5.  By this stipulation, defendant moves to continue the trial date to June 28, 2022.  This is the sixth request for a continuance.

6.  Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.  Defendant is charged with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1); and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  The government has produced discovery to the defense, including about 318 pages of reports and other documents and several audio and video files.

   b.  Counsel for defendant is seeking a continuance on the basis of defendant's life-threatening medical issues and possible continued need for debilitating medical treatment.  As counsel has previously informed this Court, defendant is fighting a rare and dangerous form of cancer.  Defendant received an intensive course of chemotherapy that lasted several months, ending in May

2

2021.  Beginning in August 2021, defendant received radiation treatment five days per week for six weeks, lasting through September 2021.  Defendant's medical providers expect that this powerful course of medical treatment will leave defendant weakened and medically vulnerable for some time following the end of the course of radiation therapy.  Defendant's medical providers also expect that continued medical monitoring is necessary to ascertain whether defendant's life-threatening illness is responding to the treatments and whether additional course of treatment may be necessary.  It is expected that defendant will therefore have a difficult time meeting with counsel and participate in the preparation of his defense.

        c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, continue an independent investigation of the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        e.   The government does not object to the continuance.

        f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 24, 2022 to June 28, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

///

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

　　　IT IS SO STIPULATED.

Dated: April 29, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　TRACY L. WILKISON
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　SCOTT M. GARRINGER
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, Criminal Division

　　　　　　　　　　　　　　　　　　JERRY C. YANG
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, Riverside Branch Office

　　　　　　　　　　　　　　　　　　　　/s/ Sonah Lee
　　　　　　　　　　　　　　　　　　SONAH LEE
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

　　　I am Michael John Andersen's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 28, 2022 is an informed and voluntary one.

*/s/ via email authorization*　　　　　　May 3, 2022

MARTA VANLANDINGHAM　　　　　　　　　　Date
Deputy Federal Public Defender
Attorney for Defendant
MICHAEL JOHN ANDERSEN

　　　I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily

agree to the continuance of the trial date, and give up my right to be brought to trial earlier than June 28, 2022. I understand that I will be ordered to appear in Courtroom 10A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 28, 2022 at 9 a.m.

*[signature]*                                05-03-2022
MICHAEL JOHN ANDERSEN                        Date
Defendant

6